[J-25-2023] [MO: Todd, C.J.]

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 97 MAP 2022 |
| | : | |
| Appellant | : | Appeal from the Order of the |
| | : | Chester County Court of Common |
| | : | Pleas, Criminal Division, dated |
| v. | : | August 22, 2022 (filed on August 23, |
| | : | 2022) at No. CP-15-CR-1570-2016. |
| | : | |
| GEORGE J. TORSILIERI, | : | ARGUED: May 23, 2023 |
| | : | |
| Appellee | : | |

**CONCURRING OPINION**

**JUSTICE MUNDY**                                    **DECIDED: May 31, 2024**

I join the Majority opinion, except for its conclusion that the online registration requirements provided in Subchapter H of the Sexual Offender Registration Act (SORNA), 42 Pa.C.S. §§ 9799.10 – 9799.42, resemble colonial era shaming punishments under the second factor of the test set forth in *Kennedy v. Mendoza-Martinez*, 372 U.S. 144 (1963). I do so for the same reasons detailed in my concurring opinion in *Commonwealth v. Lacombe*, 234 A.3d 602 (Pa. 2020) (Mundy, J., Concurring).

As noted by the Majority, this Court has traditionally considered the following with respect to the second factor of the *Mendoza-Martinez* test: "(1) whether the scheme at issue mimick[s] historical forms of public shaming; and (2) whether the scheme significantly resemble[s] probationary sentences." Majority Op. at 45. Relying on *Lacombe*, the Majority concludes that the "widespread dissemination of registry information to the public through the internet[,]" the "continued requirements for registration and notification[,]" and the "probation-like criminal penalties for

noncompliance" weigh in favor of finding the effect of Subchapter H punitive under this factor. *Id.* at 47. I disagree. As I explained in *Lacombe*:

> The purpose of the online registry is to provide the public with information necessary for its safety. It appears illogical to therefore conclude that accessibility to this information weighs in favor of finding the statute punitive. The internet aspect of sex offender registries is also a federally mandated feature. *See* 34 U.S.C. § 20920 ("Except as provided in this section, each jurisdiction shall make available on the Internet, in a manner that is readily accessible to the public, all information about each sex offender in the registry."). This requirement was deemed essential with the understanding that such information would be widely accessible to the public.

*Lacombe*, 234 A.3d 627. In light of the foregoing, I do not believe the second factor weighs in favor of finding Subchapter H punitive, despite the probation-like penalties for noncompliance. As such, I would conclude that four of the five of the relevant factors, as opposed to three of the five factors, weigh in favor of finding Subchapter H nonpunitive. I nevertheless concur, as I agree with the Majority's ultimate conclusion that these factors, on balance, weigh in favor of finding Subchapter H nonpunitive.